**FEDERAL TRADE COMMISSION,**
**Plaintiff,**

v.

**R.A. WALKER & ASSOCIATES, INC.,**
**et al., Defendants.**

**Civ. A. No. 83–2962.**

United States District Court,
District of Columbia.

Oct. 27, 1983.

Charles D. Nelson, FTC, Washington, D.C., for plaintiff.

John Hardin Young, Washington, D.C., J. Michael Slocum, Falls Church, Va., for defendants.

## MEMORANDUM OPINION

JOHN GARRETT PENN, District Judge.

Defendants Rita A. Walker and R.A. Walker and Associates, Inc. move this Court to modify its Temporary Restraining Order (T.R.O.), issued October 5, 1983 and extended on October 14, 1983, by vacating sections I.E. and II. of the T.R.O.[1]  Sections I.E. and II. of the T.R.O. impose a freeze on all of the defendants' assets, with the exception of $800 per week per defendant for personal living expenses, and enjoin all persons having control of records, accounts, or assets of the defendants from disposing of them.[2]

Defendants make two arguments in support of their motion.  First, they argue that the filing of the voluntary petition in bankruptcy, which occurred October 13, 1983, eight days after the Court first entered the T.R.O., divested this Court of jurisdiction over the defendants' assets.  Alternatively, defendants argue that as a matter of policy and administration of the debtors' estate the Court should not exercise jurisdiction over the assets but rather should leave the administration of the assets exclusively to the Bankruptcy Court.

The Court rejects defendants' arguments and denies defendants' motion.  For the reasons stated below, the Court holds that (1) the Court does have the jurisdiction and authority to issue and continue the freeze over the defendants' assets, notwithstand-

1.  Defendants do not request the Court to vacate the T.R.O. with respect to defendant Ferris N. Browner who is not before the Bankruptcy Court.

2.  Sections I.E. and II. of the T.R.O. provide:

I.

IT IS THEREFORE ORDERED that defendants R.A. Walker and Associates, Inc., Rita A. Walker, Ferris N. Browner, and each of them and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, be and are hereby temporarily restrained and enjoined from:

\* \* \* \* \* \*

E.  Unless allowed by further order of this Court directly or indirectly, transferring, selling, alienating, liquidating, encumbering, pledging, hypothecating, loaning, assigning or otherwise disposing of:

1.  Any assets, funds, real property, or other property of defendant R.A. Walker and Associates, Inc.;

2.  Any assets, funds, real property, or other property of defendant R.A. Walker in excess of $800.00 per week which she may use for personal living expenses;

3.  Any assets, funds, real property, or other property of defendant Ferris N. Browner in excess of $800.00 per week which he may use for personal living expenses;

4.  Any assets, funds, real property, or other property representing proceeds, in whatever form they may exist, from the purported sale of a residence to defendants or any of them by an owner who continued to reside in such residence after the purported sale.

II.

IT IS FURTHER ORDERED that any bank, savings and loan institution, brokerage house, trustee, or any other person having custody or control of any records, accounts or other assets of defendants R.A. Walker and Associates, Inc., Rita A. Walker, Ferris N. Browner, and each of them, hold and retain within its control and prohibit the withdrawal, removal, transfer, or other disposal of such records, accounts or assets, unless allowed by further order of this Court.

ing the pendency of bankruptcy proceedings, and (2) the maintenance of the freeze, pending appointment of a trustee in bankruptcy or a receiver, or both, is necessary to prevent dissipation of the assets.

## I.

■ It is clear from the statutory provisions of the Bankruptcy Code, the legislative history, and the case law that in an action brought by a governmental agency to enforce its police or regulatory power, the jurisdiction of the district court to freeze the assets of a defendant (especially where the defendant is accused of engaging in fraudulent misconduct) is not impaired by the filing of a voluntary petition in bankruptcy.

■ Although in most cases the filing of a petition in bankruptcy does operate to stay pending judicial proceedings, 11 U.S.C. § 362(a), actions brought by a governmental unit to enforce such governmental unit's police or regulatory power are specifically exempt and are not stayed. 11 U.S.C. §§ 362(b)(4) & (5).[3] Defendants admit that this proceeding is "an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power" and also concede, as they must, that the proceeding itself is not automatically stayed. See Defendants' Motion to Modify Temporary Restraining Order at 7. Defendants maintain, nonetheless, that the district court may not freeze the debtors' assets, arguing that jurisdiction over the assets lies exclusively with the Bankruptcy Court. The case law and legislative history clearly reject this position.

In *S.E.C. v. First Financial Group of Texas,* 645 F.2d 429 (5th Cir.1981) the S.E.C. brought a civil enforcement action seeking injunctive relief against defendants who had allegedly engaged in fraudulent securities transactions. The district court appointed a temporary receiver to take control of the defendants' assets. This action was challenged by the defendants who, several days prior to the appointment of the receiver, had filed for bankruptcy. As in the case before this Court, defendants argued that the petition in bankruptcy divested the district court of jurisdiction to control the defendants' assets. The United States Court of Appeals for the Fifth Circuit upheld the appointment of a receiver and the freeze of the assets. The Court stated that:

> A continuing enforcement proceeding brought by a governmental unit and the enforcement of *injunctive* relief obtained therein are exempted from the automatic stay provisions of §§ 362(a). 362(b)(4) and (5).

645 F.2d at 437. (citations omitted). (emphasis original).

Similarly, in *CFTC v. Co Petro Marketing Group, Inc.,* 700 F.2d 1279 (9th Cir.1983) the Commodity Futures Trading Commission sued Co Petro for violating the Commodity Exchange Act. The district court granted the CFTC a preliminary injunction which involved the appointment of a receiver and which enjoined the defendants from doing certain business and from transferring their assets. After the preliminary injunction was issued, the defendants filed a voluntary petition in bankruptcy and challenged the district court's jurisdiction over their assets. The United States Court of Appeals for the Ninth Circuit upheld the district court's jurisdiction. The Court noted that:

> the exception to the automatic stay set forth in section 362(b)(5) recognizes that the district court retains jurisdiction to enforce an injunction obtained in an action or proceeding by a governmental

---

**3.** These provisions provide as follows:
(b) The filing of a petition under section 301, 302, or 303 of this title does not operate as a stay—

   *    *    *    *    *    *

   (4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

   (5) under subsection (a)(2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

unit to enforce its police or regulatory power.

700 F.2d at 1283. The Court further noted that:

> [t]he district court's order in this case is not the enforcement of a money judgment; *rather, it is the enforcement of the district court's injunction against transferring or dealing in Co Petro assets.*

700 F.2d at 1284 (emphasis added). Thus, *Co Petro* establishes the rule that section 362(b)(5) of the Bankruptcy Code permits a district court to enter an injunction against the transfer of assets and to enforce that injunction so long as it does not amount to the enforcement of a money judgment.[4] This describes almost exactly the action taken by this Court in the present case.

Defendants place great reliance on *State of Missouri v. Bankruptcy Court,* 647 F.2d 768 (8th Cir.1981). In this case the United States Court of Appeals for the Eighth Circuit ruled that grain owned by debtors in bankruptcy was within the exclusive jurisdiction of the Bankruptcy Court and therefore not subject to state insolvency proceedings. This case, however, is easily distinguished from the case presently before the Court.

The most critical distinction is that in *Missouri* the court found that the state regulatory proceeding was not a "police or regulatory" action for purposes of section 362(b)(4). Therefore, the Court held, the action was not exempt from the provisions of the automatic stay. 647 F.2d at 776. Here, as the defendants admit, the FTC action is clearly within section 362(b)(4). Thus, the case is not on point.

A second distinction is that in *Missouri* the regulatory law in question empowered the state to *liquidate* insolvent grain warehouses.[5] If the state court suit under that

law had been allowed to proceed, it would have undercut the administration of the estate in bankruptcy since part of the estate—the grain—would have been liquidated. In the case before this Court, the freeze on the defendants' assets does not involve any liquidation, and therefore will not interfere with the administration of the estate in Bankruptcy Court. In fact, the freeze will aid future administration and disposition of the estate by preserving the assets until a trustee in bankruptcy or a receiver is appointed.

Finally, the *Missouri* court was dealing with a state *insolvency* law. This clearly presented a preemption problem where the law conflicted with the federal bankruptcy laws. The *Missouri* court said as much when it stated, as an alternative holding, that even if the Missouri liquidation proceedings did come within the 362(b)(4) exception, the state's attempted enforcement of its laws could not oust the Bankruptcy Court of jurisdiction. 647 F.2d at 776. No such preemption problem exists in the instant case.

Defendants make additional arguments with regard to this Court's jurisdiction over the assets. The arguments are without merit. First, defendants contend that the freeze operates to preserve the assets for the preferential benefit of a single class of putative creditors (the homeowners on whose behalf the FTC has brought this action) to the detriment of other potential creditors. The Court disagrees that any such preference is created by the freeze. The freeze merely protects and preserves the assets from further transfer or dissipation by the defendants. The ultimate distribution of those assets which are determined to be part of the "property of the estate"[6] may still be made by the Bank-

---

4. The legislative history of the Bankruptcy Reform Act of 1978 supports the conclusion of the Court in *Co Petro.* The House Report states:

> Paragraph (5) [362(b)(5)] makes clear that the exception extends to permit an injunction and enforcement of an injunction, and to permit the entry of a money judgment, but does not extend to permit enforcement of a money judgment.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 343, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6299.

5. The Court in *Co Petro,* 700 F.2d at 1284, also noted this distinction.

6. As discussed below, some of the assets may not even be part of the "property of the estate" if they were acquired by fraud or are held in

ruptcy Court. No attempt has been made by the FTC to distribute or reserve defendants' assets. Therefore, the claim of "preference" is specious.

■ Finally, defendants seem to assume that the assets which have been frozen will automatically be part of the "property of the estate", 11 U.S.C. § 541(a), and thus subject to administration in bankruptcy. This issue is not now before the Court and therefore the Court makes no determination on the matter. The Court does observe, however, that such a conclusion is far from foregone in this case. Assets of the defendants' estate which were acquired by fraud may not be "property of the estate", and thus not within the jurisdiction of the Bankruptcy Court. *See In re Teltronics,* 649 F.2d 1236, 1239 (7th Cir.1981). In addition, if homes or other property held by the defendants are found to be held in trust, they would not be part of the debtors' estate. *See United States v. Whiting Pools, Inc.,* —— U.S. ——, 103 S.Ct. 2309, 2313 n. 10, 76 L.Ed.2d 515 (1983).

## II.

■ Defendants also urge this Court to lift the freeze on the grounds that the Bankruptcy Court proceedings afford the best protection of the defendants' assets for all claimants. The Court disagrees with defendants' arguments and holds that, at this time, the Court's freeze order offers the best protection against dissipation of the assets.

Defendants remain debtors-in-possession at this time. No separate trustee in bankruptcy or receiver has been appointed. Under sections 1107 & 1108 of the Bankruptcy Code, 11 U.S.C. §§ 1107–1108, a debtor-in-possession retains all the rights of a trustee, which includes the right to "enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing." 11 U.S.C. § 363(c). *See generally* 2 Collier on Bankruptcy § 363.04. Although debtors-in-possession are supposed to act as fiduciaries and stand in the shoes of a trustee in bankruptcy,[7] the Court cannot find that this "duty" alone offers sufficient protection of the assets. As the allegations of fraud which this Court found to be supported when it issued its T.R.O. make clear, the defendants should not be allowed to remain in control of their assets under Chapter 11. Given the freedom of a debtor-in-possession and the charges which are involved in this case, to lift the freeze order without a trustee or receiver to take control would be to leave the defendants free to dispose of their assets virtually at will. The purpose of the freeze is to prevent dissipation of the assets. The Court believes that the freeze is the best way—indeed the only way—to accomplish this purpose at this time.

The case law and legislative history to the Bankruptcy Act support this view.[8] As the Court of Appeals remarked in *First Financial:*

> The district court's exercise of its equity power in this respect [appointment of a receiver over defendants' assets] is particularly necessary in instances in which the corporate defendant, through its management, has defrauded members of the investing public; in such cases, it is likely that, in the absence of the appointment of a receiver to maintain the status quo, the corporate assets will be subject to

trust. If they are not "property of the estate" they are not within the jurisdiction of the Bankruptcy Court.

7. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 404 and S.Rep. No. 989, 95th Cong., 2d Sess. 116, *reprinted in* 1978 U.S.Code Cong. & Ad. News 5787, 5902, 5963, 6360.

8. *See also* 645 F.2d at 439; *Co Petro,* 700 F.2d 1279 (1983); and *S.E.C. v. Keeler Corp.,* 323 F.2d 397, 403 (7th Cir.1963).

The legislative history also makes clear that when the management which committed the fraud is still in office, the concept of a debtor-in-possession is inappropriate and a trustee should be appointed. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 233, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6192–93.

diversion and waste to the detriment of those who were induced to invest in the corporate scheme and for whose benefit, in some measure, the ... injunctive action was brought.

645 F.2d at 438 (5th Cir.1981).

For the foregoing reasons, the defendants' Motion to Modify the Temporary Restraining Order will be denied. The Court retains full jurisdiction over the case and over the defendants' assets. The freeze of the defendants' assets pursuant to sections I.E. and II. of the Temporary Restraining Order remains in effect.

An appropriate Order denying the motion was filed on October 25, 1983.